**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON  DIVISION**

CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

July 31, 2026

LAURA A. AUSTIN, CLERK
BY:  /s/ Robin Bordwine
DEPUTY CLERK

| | | |
|---|---|---|
| JACK BREEDING, ADMINSTRATOR OF THE ESTATE OF ROSELLA DENENE  BREEDING, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:26CV00037 |
| v. | ) ) | **OPINION AND ORDER** |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, A MMUTAL OF OMAHA COMPANY, | ) ) ) ) ) | JUDGE JAMES P. JONES |
| Defendant. | ) | |

*Nicholas B. Compton,* MITCHELL KILGORE, A PROFESSIONAL CORPORATION, *Lebanon, Virginia; Kevin W. Holt and Kiara P. Anguiano,* GENTRY LOCKE, *Roanoke, Virginia, for Defendant.*

The plaintiff filed this case in state court, seeking recovery of benefits provided under two employer-sponsored  group life insurance policies insuring the life of the decedent, who was also the plaintiff's spouse.  The defendant life insurance company removed the case under Title I of the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1144 (ERISA).  In the complaint filed in state court, the plaintiff contends that the insurance company failed to pay the benefits the life insurance policies insuring Rosella Denene Breeding (Mrs. Breeding), who died in 2024 at age 52.  The complaint asserts that Mrs. Breeding

became totally disabled in 2011 and thus was relieved of payment of premiums for the policies as long as she remained disabled or did not reach the age of 65. The complaint expressly alleges that the deceased was advised by the life insurance company by letter dated April 14, 2015, that it was canceling the policies for failure to keep it advised of her health condition, but the plaintiff contends that there was no basis for such cancellation.

In the motion to dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(6) or 12(b)(1), the defendant contends that the case must be dismissed on the statute of limitations, or alternately, for failure to seek an administrative appeal. To support its motion to dismiss, the defendant has filed copies of the life insurance policies involved, as well as copies of letters to the decedent from the company, including the one dated January 14, 2015, advising of termination of the policies for failure to provide annual proof of disability and notifying her of her administrative appeal rights, as well as her right to convert up to $143,000 of the terminating insurance to a new policy by completing an application and paying a premium. Def.'s Mem. Supp. Mot. Ex. C, Dkt. No. 7-4.[1]   The defendant asserts that no administrative appeal was filed and no application for conversion to a new policy

---

[1] These documents may be considered on a motion to dismiss since they are integral to the complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164 (4th Cir. 2016).

was submitted.   The plaintiff seeks a declaratory judgment in his favor.  The motion

to dismiss is now ripe for decision.[2]

I.

The policies at issue are governed by ERISA.  ERISA provides that a civil

action may be brought by a participant or a beneficiary "to recover benefits due to

him under the terms of [the employee benefit] plan, to enforce his rights under the

terms of the plan, or to clarify his rights to future benefits under the terms of the

plan."  29 U.S.C. § 1132(a)(1)(B).[3]  This provision exerts preemptive effect upon

state-law causes of action.  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208–10

(2004).  I find that this court has subject-matter jurisdiction under ERISA and that

the case was properly removed.

Challenging a claim as untimely constitutes an affirmative defense.  *S.*

*Wallace Edwards & Sons, Inc. v. Cincinnati Ins. Co.*, 353 F.3d 367, 372 (4th Cir.

2003).  But "in the relatively rare circumstances where facts sufficient to rule on an

---

[2]  The plaintiff has not filed a response to the motion to dismiss, as required by the court's Local Civil Rule 11(c)(1).  Even so, I will not grant the motion to dismiss solely because of this failure.  *See Guzman v. Acuarius Night Club LLC*, 167 F.4th 217, 222 (4th Cir. 2026)  ("[A]lthough the [district] court may treat the bases for dismissal set forth in an unopposed motion to dismiss as uncontroverted, it may not automatically treat a failure to respond to a [motion to dismiss] as a procedural default") (internal quotation marks and citations omitted).  I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court.

[3]  Pub. L. 93-406, Title I, § 502, Sept. 2, 1974, 88 Stat. 891.

affirmative defense are alleged in the complaint," defendants may raise an affirmative defense through a Rule 12(b)(6) motion. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). But the facts must "clearly appear[] *on the face of the complaint.*" *Id.* (citation omitted). For example, the *Goodman* court held as improper a district court's dismissal under Rule 12(b)(6) because the allegations did not indicate when the clock on the statute of limitations had commenced. 494 F.3d at 466. But here, the facts as to when the limitations period began to run are clear and thus a motion to dismiss is a proper instrument to resolve the issue.

## II.

With the exception of lawsuits brought for breach of fiduciary responsibilities, there is no limitations period under ERISA for suits to recover benefits. Thus, the courts often apply the most analogous state-law period. "When an ERISA plan is alleged to have breached its duty to provide beneficiaries with the benefits due them, the analogous state cause of law is breach of contract." *Cross v. Bragg*, 329 F. App'x 443, 453 (4th Cir. 2009) (unpublished) (citing *Dameron v. Sinai Hosp. of Baltimore, Inc.,* 815 F.2d 975, 981 (4th Cir. 1987)). The policies at issue recite that they are issued in and subject to Tennessee law, Def.'s Mem. Supp. Mot. Ex. A, Dkt. No. 7-1, at 2; Ex. B, Dkt. No. 7-2, at 2, although the complaint avers that Mrs. Breeding was a resident of Virginia at all relevant times. Compl. 2, Dkt. No. 8. In Virginia, the statute of limitations for breach of contract is five years, which begins to run

from the date the breach occurs.  Va. Code Ann. § 8.01-246(2); *S. Bank & Tr. Co. v. MLP Dev. Corp.*, 2:15cv53, 2015 WL 5567078, at *3 (E.D. Va. Sept. 21, 2015).  In Tennessee, it is six years.  Tenn. Code Ann. § 28-3-109(a)(3); *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31 n.1 (Tenn. 2007).

Generally, "a statute of limitations begins to run when the cause of action accrues," or when "the plaintiff can file suit and obtain relief."  *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 105 (2013) (internal quotation marks and citation omitted).  In this case, the complaint asserts that the defendant gave notice of cancellation of the policies on January 14, 2015, Compl. ¶ 10, Dkt. No. 1-1, and the defendant confirms that it terminated Mrs. Breeding's coverage on that same date.  Accordingly, the cause of action accrued on that date, commencing the limitations clock.  The breach complained of is not a denial of payment upon the insured's  death in 2024, but a termination of the policies in 2014.

The plaintiff's lawsuit, having been filed more than ten years after the termination of the policies on January 14, 2015, well exceeds the enforceable limitations period.  Thus, the plaintiff's claims are time-barred.

III.

Notwithstanding the untimeliness of the plaintiff's pending action, equitable tolling may alter the  limitations period such that the action may proceed.  Generally,

courts presume that "federal statutes of limitations can be equitably tolled." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 13 (2014).

Equitable tolling may be available for statutes of limitations imposed by ERISA plans in certain circumstances. In *Heimeshoff*, the Supreme Court held that equitable tolling "may apply" where an ERISA plan participant has "diligently pursued both internal review and judicial review but was prevented from filing suit [within the contractual period] by extraordinary circumstances." 571 U.S. at 114); *see also Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226 (4th Cir. 2005) (concluding that equitable tolling may be available to suspend deadlines for pursuing internal plan remedies that require exhaustion before accessing federal courts). That said, courts rarely extend equitable relief, and the Fourth Circuit has cautioned that equitable tolling should apply in only two circumstances: (1) where claimants have "actively pursued [their] judicial remedies by filing a defective pleading during" the authorized period; and (2) where claimants have been "induced or tricked by [their] adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).

Nothing in the record suggests that the defendant "induced or tricked" the plaintiff to file suit after the prescribed deadline. In fact, the defendant submits several letters addressed to Mrs. Breeding notifying her of the initial termination of benefits, Def.'s Mem. Supp. Mot. Ex. C at 913, Dkt. No. 7-4, reminding her of proof

of the disability requirements, *id. at* 450, alerting her to her continued failure to submit the requisite proof, *id.* at 448, and finally, informing her of coverage termination, *id.* at 443.  As in *Gayle*, the defendant made active efforts to not only warn Mrs. Breeding of her noncompliance with coverage requirements but, upon notice of coverage termination, detailed the internal appeals processes available to her and the requirements for pursuing legal action.  *Id.* at 444.  Moreover, the complaint itself acknowledges receipt of the termination notice.

Thus, the extraordinary remedy of equitable tolling cannot be applied to the plaintiff's time-barred claim.

IV.

For these reasons, it is **ORDERED** that the motion to dismiss, Dkt. No. 6, is GRANTED.  A separate judgment consistent with this opinion will be entered and the case will be closed.[4]

ENTER:   July 31, 2026

/s/  JAMES P. JONES
Senior United States District Judge

---

[4] Because of my decision, I will not consider the alternate theory of the motion to dismiss concerning failure to seek administrative remedies.